# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Charlottesville Division

SELAMAWIT TEKA,
        Plaintiff,

v.                                                    Civil Action No. _____

JONATHAN JACK,
        Defendant.

## ANSWER

Defendant, Jonathan Jack ("Jack"), by counsel, respectfully files this Answer to factual allegations in and to Count V of the Complaint served upon him in this cause:

1. Paragraph 1 of the Complaint is an exaggerated characterization of this action which requires no response. To the extent that a response is required, Jack admits that he emailed Plaintiff's employer twice, but denies all remaining allegations.

2. Paragraph 2 of the Complaint states that Plaintiff is suing for damages, which is true. Jack denies that she is entitled to the recovery of damages based upon the facts as plead and applicable law.

3. The allegations in Paragraph 3 of the Complaint state legal conclusions which require no response.

4. The allegations in Paragraph 4 of the Complaint in part state a legal conclusion which requires no response. The allegation that Jack lives and works in the Western District of Virginia is admitted.

5. The allegation in Paragraph 5 of the Complaint states a legal conclusion which requires no response.

6. In response to the allegations in Paragraph 6 of the Complaint, Jack admits that Plaintiff is a citizen of Maryland who lives in Hyattsville and that she works for the District of Columbia Health Benefit Exchange Authority as a member services manager. Jack lacks sufficient information to either admit or deny the remaining allegations in that paragraph; therefore, they are denied.

7. In response to the allegations in Paragraph 7 of the Complaint, Jack admits that he lives in Ruckersville, Virginia and works in the Charlottesville area and that he worked for NGIC in the past. He denies the remaining allegations in Paragraph 7 to the extent that they state conclusions about his character. He expressly denies that his conduct in this case was malicious and spiteful.

8. In response to the allegations in Paragraph 8 of the Complaint, Jack admits that he and Teka dated for about two months. He denies the remaining allegations in that paragraph.

9. In response to the allegations in Paragraph 9 of the Complaint, Jack admits that he and Teka had a disagreement on or about July 8, 2021 about comments he made in front of her children, but denies that they had anything to do with race. He denies the remaining allegations in that paragraph.

10. In response to the allegations in Paragraph 10 of the Complaint, Jack admits that he and Teka exchanged numerous text messages through WhatsApp between July 8, 2021 and July 10, 2021, but denies that he was the only person sending the numerous messages. He states affirmatively that Teka also persisted in harassing him with insulting accusatory messages during that time period. Jack states further that the messages, in context, will speak for themselves and not as Plaintiff attempts to characterize them in her Complaint. Answering further, Jack admits that he blocked Teka three different times, and she, determined to continue harassing him, simply opened new WhatsApp accounts and continued to barrage him with unwelcome messages.

11. In response to the allegations in Paragraph 11 of the Complaint, Jack admits that Teka made an unannounced, uninvited and unwelcome visit to his Ruckersville home on or about July 9, 2021. He denies that he was "erratically racing around in his house," but admits that he declined to open the door, advised her that she was trespassing and blocking his driveway, and requested her to leave. Answering further, he admits that she requested her personal belongings, but denies that he refused to return them. He simply was put off by her behavior, afraid for his safety, and refused to unlock the door while she was there. He has every intention of returning her personal property.

12. Jack denies the allegations in Paragraph 12 of the Complaint.

13. Jack admits the allegations in Paragraph 13 of the Complaint.

14. In response to the allegations in Paragraph 14 of the Complaint, Jack admits that he sent an email to Dr. Linda Wharton-Boyd in the attempt to solicit assistance from someone who knew Teka in stopping her harassment. The email stated nothing but actual facts. He denies that he intended to interfere with her employment and admits that he copied her on the email. He wanted her to cease and desist contacting him.

15. Jack denies the allegations and their characterization of both the content of his email and his intentions in sending it in Paragraph 15 of the Complaint.

16. Jack admits the allegations in Paragraph 16 of the Complaint.

17. In response to the allegations in Paragraph 17 of the Complaint, Jack admits, upon information and belief, that on or about July 11, 2021, Teka and her children boarded a plane to Ethiopia to visit family. Jack denies the remaining allegations in that paragraph.

18. In response to the allegations in Paragraph 18 of the Complaint, Jack admits that he sent a second email to Dr. Boyd and again, states affirmatively that every statement he made was true. He denies the Plaintiff's characterization of the content and motive behind the email and also denies all other allegations in that paragraph.

19. In response to the allegations in Paragraph 19 of the Complaint, Jack admits that he attached screenshots of various communications he had with the Plaintiff, and states that they will speak for themselves and not as the Plaintiff attempts to characterize them. Jack denies the remaining allegations in that paragraph.

20. Jack denies the allegations in Paragraph 20 of the Complaint.

### COUNT V (CONVERSION)

41. In response to the allegations in Paragraph 41 of the Complaint, Jack incorporates by reference his responses to Paragraphs 1 – 20 above.

42. In response to the allegations in Paragraph 42 of the Complaint, Jack admits that Plaintiff has a right to the various items of personal property she left at his home in Ruckersville and has every intention of returning them to her. She never made any demand for them until she showed up at his home unannounced on or about July 9, 2021. He was afraid to open his door as he did not know, after days of harassing text messages, what she might be planning, so he did not return the items that day. She has not repeated her request for those items since that time.

43. Jack denies the allegations in Paragraph 43 of the Complaint and states affirmatively that he has never had any intention to exercise dominion over her property.

44.  Jack denies the allegation in Paragraph 44 of the Complaint.

45.  Jack denies the allegations in Paragraph 45 of the Complaint.

46.  Jack denies the allegations in Paragraph 46 of the Complaint.

WHEREFORE, having fully answered the factual allegations in and Count V of the Complaint, Jonathan Jack, by counsel, respectfully requests the Court to dismiss the Complaint with prejudice and to award him his costs expended in answering, including his reasonable attorneys fees and such other and further relief as to the Court seems proper.

Respectfully submitted,

JONATHAN JACK

By Counsel

/s/   Joseph W. Wright, III
Joseph W. Wright, III (VSB # 30347)
Dygert Wright, Hobbs & Heilberg, PLC
415 4TH Street, NE
Charlottesville, Virginia 22902
Telephone:  (434) 979-5515
Facsimile:  (434) 295-7785
Email:  jwright@charlottesvillelegal.com
*Counsel for Jonathan Jack*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Plaintiff, and to her counsel:

> Steven S. Biss, Esquire
> 300 West Main Street, Suite 102
> Charlottesville, Virginia 22903
> stevenbiss@earthlink.net

/s/   Joseph W. Wright, III